## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

CARMEN DENISE JOHNSON

      Plaintiff,

v.

                                  Case No: 2:15-cv-12482
                                  Judge Arthur J. Tarnow
                                  Magistrate Judge Stephanie Dawkins Davis

OAKLAND UNIVERSITY and
RONALD WATSON,

      Defendant.

| | |
|---|---|
| FRANK W. JACKSON (P23164) | THOMAS A. CATTEL (P32538) |
| Law Office of Frank W. Jackson III, PLLC | CHRISTOPHER R. MIKULA (P69661) |
| Attorney for Plaintiff | Ogletree, Deakins, Nash, Smoak & Stewart, PLLC |
| 19401 W. McNichols Rd. | Attorneys for Defendants |
| Suite E | 34977 Woodward Avenue, Suite 300 |
| Detroit MI 48219 | Birmingham, MI 48009 |
| (313) 766-7019 | 248-593-6400 |
| fjackson@westley3lawoffice.com | thomas.cattel@ogletreedeakins.com |
| | christopher.mikula@ogletreedeakins.com |

_____

### JOINT STATEMENT OF RESOLVED AND
### UNRESOLVED ISSUES ON SECOND MOTION TO COMPEL

Now come the parties, by and through their attorneys and hereby state that:

1.    Counsel for the parties have conferred in good faith to narrow the areas of disagreement.

2.     The issues remaining unresolved at this time involve:

a.     Plaintiff seeks to question deponents about recommendations to and discussions in a meeting with counsel for the University and the Provost of Oakland University relative to the discipline of Plaintiff. Defendant has objected on the basis of privileged communications.

b.     Plaintiff has sought electronically stored information on her former University PC which consists of over 15,000 documents. Defendant has maintained that this request is not proportional to the needs of the case but has agreed to search for emails between Plaintiff and a student tutor relative to providing credit to LPN students for attending a fundraiser by Plaintiff providing search terms to Defendant.  Defendant has also agreed to allow Plaintiff to review hard copy documents which were in Plaintiff's office at the time of her termination, which it still has in its possession, and produce relevant and other documents that would lead to admissible evidence, subject to the University sending out FERPA notices, if appropriate, pursuant to the protective order in effect in this matter, prior to their production.

c.     Plaintiff is seeking production of additional student evaluations regarding Plaintiff and Oakland University has responded that it has

produced all of student evaluations it has regarding for Plaintiff for 2011, 2012, and 2013.

d.      Plaintiff has sought documents referenced by David Vartanian in his deposition but not produced by Defendant.  Defendant asserts that Plaintiff has failed to specify what specific document or documents referenced by Vartanian she seeks, but is continuing to search for emails between Mr. Vartanian and the University's Provost and others.

e.      Plaintiff seeks the "written report" referenced by Gary Moore in his deposition.  Defendant asserts that this is not part of Plaintiff's Second Motion to Compel which is currently before the Court.  In any event, Defendant asserts that there never was a written report generated in this matter prior to Plaintiff's termination, but will confirm with Professor Moore what he was referring to and, if found, agree to produce same absent it being a privileged document.

3.      The parties' respective briefs and exhibits, attached thereto, on this motion have been submitted to the Court in support of their respective positions.

Respectfully submitted,

**s/ Frank  W. Jackson** (w/consent)
Frank W. Jackson (P23164)
Law Office of Frank W. Jackson III
  PLLC
Attorney for Plaintiff
19401 W. McNichols Road
Suite E
Detroit MI 48219
313-766-7019
fjackson@westley3lawoffice.com

**s/ Thomas A. Cattel**
Thomas A. Cattel (32538)
Ogletree, Deakins, Nash,
  Smoak & Stewart, PLLC
Attorney for Defendants
34977 Woodward Avenue
Suite 300
Birmingham, MI 48009
248-593-6400
thomas.cattel@ogletreedeakins.com

26381487.1

4