UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMEN DENISE JOHNSON,

    Plaintiff,

v.

OAKLAND UNIVERSITY AND RONALD WATSON,

    Defendant.

_____/

Case No. 15-12482

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**ORDER OVERRULING IN PART DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER [47]; AFFIRMING MAGISTRATE JUDGE DAVIS' ORDER TO ALLOW USE [43]**

On August 1, 2016, Magistrate Judge Davis entered an Order allowing the use of a document [43]. On August 15, 2016, Defendants filed objections to the Order [47]. Plaintiff responded to the objections on September 6, 2016 [52]. Defendants replied on September 13, 2016 [55]. For the reasons stated below, these objections are **OVERRULED in part** and the Magistrate Judge's Order is **AFFIRMED**.

**STANDARD OF REVIEW**

When a litigant objects to a magistrate judge's ruling on a nondispositive pretrial matter, the court may "modify or set aside any part of the order that is

clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard does not permit a district court to reverse the magistrate judge's finding simply because it would have decided the issue differently. *Anderson v. City of Bessemer*, N.C., 470 U.S. 564, 573 (1985). Rather, a "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## ANALYSIS

On August 1, 2016, Magistrate Judge Davis entered an Order allowing the use of a document [43]. The Order found that a six-page Unmarked GC Report ("document") produced by Defendants to Plaintiff was "attorney fact work product" and that Defendants had waived the privilege associated with this document and granted Plaintiff the ability to use the six-page document. Defendants have eight objections to the Magistrate Judge's Order.

1. **OBJECTION ONE: MAGISTRATE JUDGE ERRED BY NOT ENFORCING THE CLAW-BACK PROVISION IN THE PROTECTIVE ORDER**

Defendants contend that the Magistrate Judge erred in the Order by not enforcing the claw-back provision in the protective order issued by the Court. Defendants cite the Advisory Committee Notes to Rule 26 as support that their

claw-back provision should be enforced. However, that note explicitly contemplates that not all claw-back provisions will be enforced, stating "in *most* circumstances, a party who receives information under such an arrangement cannot assert that production of the information waived a claim of privilege or of protection." Fed. R. Civ. P. 26 Advisory Comm. Note, 2006 Amendment, Subdivision (f).

Additionally, as the Magistrate Judge points out, Defendants did not originally argue that the claw-back provision on its own saves them from waiving any privilege associated with the document; instead they responded that the waiver needs to be considered within the framework of the five step analysis cited by the Magistrate in *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251 (D. Md. 2008). In fact, in their response to the Motion to Allow Use, Defendants state "[t]he present state of the law requires application of the five-factor framework…to determine whether privilege has been waived…" [33 at 11, n. 3]. The Magistrate decided not to enforce the claw-back provision after analyzing the disclosure of the document under the five-step process from *Victor Stanley*, and the Court does not find this clearly erroneous or contrary to law. Therefore, the Court overrules this objection to the Magistrate Judge's Order.

## 2. OBJECTION TWO: MAGISTRATE JUDGE'S RELIANCE ON THE FOUR CASES CITED ON PAGE 12 OF THE ORDER WAS ERRONEOUS AND CLEARLY CONTRARY TO LAW

In the Order, the Magistrate Judge stated that Defendants' "failure to take any precautions against public disclosure cannot be cured," "is deemed dispositive," and "on this basis alone, there was indeed a waiver of privilege." [43 at 13]. In making this determination, the Magistrate relied on four cases, including *E. Point Sys., Inc. v. Maxim*, No. 13-CV-00215, 2015 WL 8023569 (D. Conn. Dec. 4, 2015); *Curto v. Med. World Commc'ns, Inc.*, 783 F. Supp. 2d 373 (E.D.N.Y. 2011); *Cruz v. Coach Stores, Inc.*, 196 F.R.D. 228 (S.D.N.Y. 2000); *First Am. CoreLogic, Inc. v. Fiserv, Inc.*, No. 10-CV-132-TJW, 2010 WL 4975566 (E.D. Tex. Dec. 2, 2010). Defendants argue that this analysis was contrary to law, both because these cases are distinguishable from the case at bar, as well as because Plaintiff never advanced an argument that Defendants waived the privilege by filing it on the Court's public docket, and therefore the Magistrate was impermissibly exceeding her role and creating arguments for Plaintiff.

Plaintiff did raise this argument in the Motion to Allow Use and in the reply filed for that Motion. In Plaintiff's Motion to Allow Use [29], Plaintiff referred to the fact that the document was discussed and present on the public docket in Motions filed before the Court [29 at 8]. Additionally, in the reply brief for that

Motion [35], Plaintiff refers to the fact that the disclosure was "a matter of public record" since the document "is an exhibit to Plaintiff's first Motion to Compel filed and was referred to extensively by the Plaintiff in her motion and brief in support of her motion and again by Defendant in its response," and was also publically available previously as a result of its inclusion in the record to Plaintiff's Motion to Amend. [35 at 8]. Plaintiff argued that this public disclosure means that the disclosure is "complete and cannot be undone." *Id*. While Plaintiff did not cite the specific case law relied on by the Magistrate Judge, Defendants have not shown that this was clearly erroneous and necessitates overruling of the Order.

      Defendants point out that in three of the cases relied on by the Magistrate, the inadvertent public disclosure was first done by the party seeking privilege. *See E. Point Sys., Inc. v. Maxim*, No. 13-CV-00215, 2015 WL 8023569 (D. Conn. Dec. 4, 2015); *Curto v. Med. World Commc'ns, Inc.*, 783 F. Supp. 2d 373 (E.D.N.Y. 2011); *First Am. CoreLogic, Inc. v. Fiserv, Inc.*, No. 10-CV-132-TJW, 2010 WL 4975566 (E.D. Tex. Dec. 2, 2010). Defendants also argue that, in the last case, the party claiming privilege did not do so until after a lengthy delay, and argue that in the instant case, Defendants took steps to restore confidentiality as soon as they realized the document had been inadvertently disclosed. *See Cruz v. Coach Stores, Inc.*, 196 F.R.D. 228 (S.D.N.Y. 2000).

The Court is not persuaded that these differences are so important as to render the Order clearly erroneous. While the Plaintiff did publically disclose the document first, it is undeniable that, when Defendants used the document as an exhibit to their response to Motion to Allow Use, they did not take any precaution to prevent public disclosure of the document. While the facts in these cases are not congruent with the record in this case, Defendants have not presented any case law finding the analysis of the Order in regards to the public disclosure by Defendants clearly erroneous. Moreover, while the Magistrate stated that the privilege was waived by the public disclosure of the documents by Defendants, the controlling five-factor analysis, ultimately concluding that, this analysis weighed heavily in favor or finding a waiver of privilege. This objection is accordingly overruled.

### 3. OBJECTION THREE: MAGISTRATE erred in the ANALYSIS OF THE FIRST FACTOR OF THE *VICTORY STANLEY* TEST

Defendants correctly state that the Magistrate Judge failed to consider Defendants' statement that counsel read the documents prior to production in their in the first factor analysis and this objection is sustained. However, this fact alone does not render the Magistrate Judge's conclusion as to factor one clearly erroneous. The Magistrate Judge also considered the pre-disclosure procedure and considered it inadequate, because General Counsel and in-house counsel, two individuals who would have been able to identify the document as confidential,

The Court is not persuaded that these differences are so important as to render the Order clearly erroneous. While the Plaintiff did publically disclose the document first, it is undeniable that, when Defendants used the document as an exhibit to their response to Motion to Allow Use, they did not take any precaution to prevent public disclosure of the document. While the facts in these cases are not congruent with the record in this case, Defendants have not presented any case law finding the analysis of the Order in regards to the public disclosure by Defendants clearly erroneous. Moreover, while the Magistrate stated that the privilege was waived by the public disclosure of the documents by Defendants, the controlling five-factor analysis, ultimately concluding that, this analysis weighed heavily in favor or finding a waiver of privilege. This objection is accordingly overruled.

### 3. OBJECTION THREE: MAGISTRATE erred in the ANALYSIS OF THE FIRST FACTOR OF THE *VICTORY STANLEY* TEST

Defendants correctly state that the Magistrate Judge failed to consider Defendants' statement that counsel read the documents prior to production in their in the first factor analysis and this objection is sustained. However, this fact alone does not render the Magistrate Judge's conclusion as to factor one clearly erroneous. The Magistrate Judge also considered the pre-disclosure procedure and considered it inadequate, because General Counsel and in-house counsel, two individuals who would have been able to identify the document as confidential,

were not a part of the document production review. [43 at 14]. The Magistrate Judge also considered the number of pages included in the production, as well the fact that the document had been publically disclosed and relied on by both parties in previous filings. Given the various factors considered in the analysis, a vague statement that the documents were read without a description of what that review process entailed does not render the decision of the Magistrate clearly erroneous.

> 4. **OBJECTION FOUR: MAGISTRATE ERRONEOUSLY FOUND THAT THE SECOND FACTOR OF THE *VICTORY STANLEY* TEST WEIGHED IN PLAINTIFF'S FAVOR**

Defendants correctly contend that the Magistrate erred in step two when the analysis considered not only the number of documents inadvertently disclosed, but also how many times the same document had been inadvertently disclosed. *See e.g. Victor Stanley, Inc. v. Creative Pipe, Inc.,* 250 F.R.D. 251, 263 (D. Md. 2008). Defendants are correct in this assessment of the second factor, and the Court sustains this objection and finds that the second factor weighs in favor of the Defendants. However, this decision does not affect the Court's opinion as to the Magistrate's Order as a whole. Consideration of the other factors supporting waiver of the privilege, including most persuasively the fact that the document has been completely disclosed and extensively used in the litigation up to this point by

both parties, the Court does not consider this single factor favoring the Defendants requires overruling of the Magistrate's Order.

### 5. OBJECTION FIVE: MAGISTRATE ERRED IN THE ANALYSIS OF THE FOURTH FACTOR OF THE *VICTORY STANLEY* TEST

Defendants argue that the Magistrate Judge mistakenly concluded that they delayed taking remedial measures to address the inadvertent disclosure. The Court does not agree that the Magistrate Judge made a clearly erroneous decision in this conclusion. In its response to the Motion to Allow Use, Defendants stated that "[u]pon realizing that the Unmarked GC Report should not have been disclosed, defense counsel verbally informed Plaintiff's counsel in an in-person meeting on March 23, 2016…" [33 at 4]. This statement is unclear as to a specific day of discovery, and there is no information provided about who discovered this or how the discovery was made. Additionally, while the response contains two affidavits concerning the document, there is no evidence concerning the circumstances surrounding discovery that the document was privileged. The Magistrate Judge also stated that the Defendants should have, at a minimum, discovered the privileged document sometime between the filing of Plaintiff's Motion to Amend Complaint on January 31, 2016 and Defendants' filing of a response to that same motion on February 15, 2016, since the document was an exhibit to this Motion, and the document was discussed by both parties in their briefs. [43 at 16].

Therefore, the Court is not persuaded that the Magistrate Judge's analysis is clearly erroneous.

### 6. OBJECTION SIX: MAGISTRATE JUDGE ERRED IN ANALYZING THE FIFTH FACTOR OF THE *VICTORY STANLEY* TEST

Defendants contend that the Magistrate erred in the analysis of the fifth factor of the *Victory Stanley* test by concluding that the document "contains information that Plaintiff has no other way of obtaining concerning the alleged bases for her firing." This was not the only factor supporting the Magistrate Judge's decision concerning the fifth factor of the interests of justice. The Magistrate Judge also gave weight to the fact that the document was "produced over six months ago, was placed on the court's public docket by both parties, and has been extensively used in this litigation." [43]. Regardless of the validity of the challenged statement, the Court finds that the Magistrate's analysis of this factor is not impacted because of the other strong bases cited by the Magistrate in her decision that Defendant waived privilege on the document. Therefore, this objection is overruled.

### 7. OBJECTION SEVEN: MAGISTRATE ERRED BY GRANTING PLAINTIFF'S MOTION TO ALLOW USE OF DOCUMENTS

In Objection seven, Defendants ask the Court to reverse the Magistrate Judge's decision based on the merits of all of their previous objections. As stated

above, the Court does not believe that the Magistrate's Order is clearly erroneous, despite sustaining objections three and four. Therefore, this objection is overruled and the Magistrate Judge's Order is affirmed.

### 8. OBJECTION EIGHT: DEFENDANTS REQUEST A CLARIFICATION OF WHAT WAS MEANT BY THE STATEMENT "ALLOW [ING] USE" OF THE DOCUMENT AS ORDERED BY THE MAGISTRATE

In this final objection, Defendants request that, if the Court overrules all the objections and affirms the Magistrate Judge's decision, the Court clarify whether Defendants can file a motion *in limine* at an appropriate time prior to trial, asking the Court to exclude the Unmarked GC Report at trial based on relevancy and other possible grounds. The Court sustains this objection. Defendants remain able to file a motion *in limine* regarding the document at a later appropriate time.

**IT IS ORDERED** that Defendants' Objections [47] to Magistrate Judge's Order to Allow Use are **OVERRULED in part.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Order [43] is **AFFIRMED.**

**SO ORDERED**.

Dated: October 12, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge